UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v.

STEVEN IVORY,

    Defendant-Petitioner.
    /

Case No. 16-20136

Honorable Nancy G. Edmunds

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR RELIEF FROM ORDER PURSUANT TO FED. R. CIV. P. 60(a) [37] AND DEFENDANT'S MOTION FOR EARLY RELEASE [40]**

This matter is now before the Court on Defendant Steven Ivory's Motion for Relief from Order Pursuant to Fed. R. Civ. P. 60(a) (Dkt. # 37, filed on July 31, 2018) and Defendant's Motion for Early Release (Dkt. # 40, filed on August 9, 2018). The Government filed a Response to both motions on August 24, 2018. (Dkt. # 42).

Defendant is a prisoner at the Federal Correctional Institute in Bruceton Mills, West Virginia. This Court sentenced Defendant to twenty-two (22) months of imprisonment following his guilty plea to Access Devise Fraud, in violation of 18 U.S.C. § 3571, crediting him with two months for time served while detained pending the resolution of a state case in the Third Circuit Court in Detroit, Michigan. (Dkt. # 32).

In his first motion, Defendant seeks early release from prison to a halfway house based on an alleged computation error in crediting time served in the state case toward his federal term of incarceration.

A challenge related to sentence computation, or any challenge "seeking to challenge the execution or manner in which the sentence is served[,] shall be filed in the court having

jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *see also United States v. Ford*, 16 F. App'x 314, 2001 WL 861737, at *1-2 (6th Cir. 2001) (finding that a federal prisoner must bring his claim that the Bureau of Prisons has incorrectly calculated his total sentence through a petition for a writ of habeas corpus filed under § 2241 in the district having jurisdiction over his custodian); *United States v. Jenkins*, 541 F. Supp. 2d 822, 824 (W.D. Va. 2008) ("Any judicial review of the computation of credit against a sentence must be made, not by the sentencing court, but by habeas petition in the district where the inmate is confined.").

Defendant's first motion is a challenge to the computation of credit against a sentence, and this Court lacks jurisdiction over Petitioner's custodian. The Government is correct that the proper court with jurisdiction is the Northern District of West Virginia.

In his second motion, Defendant seeks early release to a halfway house in order to care for his children and fiancé, who is unable to work or care for the children due to illness. Defendant's second motion is also a challenge to the manner in which his sentence is served, and should also be filed in the Northern District of West Virginia. The Court notes that the Federal Bureau of Prisons does have plenary authority to determine the date of release and/or any pre-release pursuant to 18 U.S.C. § 3624 and the factors in 18 U.S.C. § 3621(b). *See Tapia v. United States*, 564 U.S. 319, 331 (2011).

For the reasons set forth above,

IT IS ORDERED that Defendant Steven Ivory's Motion for Relief from Order Pursuant to Fed. R. Civ. P. 60(a) (Dkt. # 37) and Defendant's Motion for Early Release (Dkt. # 40) are DENIED WITHOUT PREJUDICE to filing in the proper court.

SO ORDERED.

                                S/Nancy G. Edmunds
                                Nancy G. Edmunds
                                United States District Judge

Dated: August 27, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 27, 2018, by electronic and/or ordinary mail.

                                S/Lisa Bartlett
                                Case Manager